**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.___:____-CV-____-___**

| | |
|---|---|
| KACH NFN (No Family Name), REM RCOM, VANNAK SO, PHALLA KHUN, and SOTHAROTH SOU,<br><br>　　Plaintiffs,<br><br>vs.<br><br>BARNES FARMING CORPORATION, INC., WORK FORCE AMERICA, INC., and JEFFREY GLENN SASSER,<br><br>　　Defendants. | **COMPLAINT FOR DAMAGES<br>and<br>DECLARATORY RELIEF** |

## INTRODUCTION

1. Plaintiffs are migrant farmworkers who were recruited by Defendant Work Force America, Inc. and Jeffrey Glenn Sasser, unlicensed farm labor contractors, to harvest sweet potatoes for Defendant Barnes Farming Corporation, Inc. in Nash County in October of 2011.

2. Defendants made false promises to the Plaintiffs to induce them to accept the job. Defendants failed to pay each Plaintiff the federally required minimum hourly wage for all the work they performed and housed them in a labor camp which failed to meet the standards applicable to migrant labor camps in North Carolina.

3. Plaintiffs bring this action to redress violations of their rights under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. and the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §1801 et seq.

## JURISDICTION

4. This Court has jurisdiction of this matter pursuant to: 28 U.S.C. § 1331 (Federal Question); 28 U.S.C. § 1337 (Interstate Commerce); 29 U.S.C. § 216(b) (FLSA); and 29 U.S.C. § 1854(a) (AWPA). The court is empowered to make a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. At all times pertinent to this action, Plaintiffs were migrant agricultural workers within the meaning of 29 U.S.C. §1802(8)(A) and were jointly and severally employed by Defendants Barnes Farming Corporation, Inc. and Defendant Work Force America, Inc. and Jeffrey Sasser in the production of goods for commerce harvesting sweet potatoes.

6. Plaintiffs Kach, NFN and Rem Rcom are residents of Raleigh, North Carolina, Plaintiff Vannak So is a resident of southern California, and Plaintiffs Phalla Khun and Sotharoth Sou are residents of Charlotte, North Carolina. As required by 29 U.S.C. §216(b), each Plaintiff has given his written consent to become a party to this action. A true and correct copy of each Plaintiff's consent is attached hereto as part of composite Exhibit 1.

7. Defendant Barnes Farming Corporation, Inc. (Defendant Barnes Farming) is a North Carolina corporation, and operates its farm from its headquarters in Nash County.

8. At all times pertinent to this action, Defendant Barnes Farming was an agricultural employer as defined in the AWPA at 29 U.S.C. §1802(2) and

employed or acted as an employer towards the Plaintiffs as defined by the FLSA at 29 U.S.C. §203(g). At all times pertinent to this action, Defendant Barnes Farming was engaged in the production of sweet potatoes for sale in interstate commerce. Defendant Barnes Farming employed the Plaintiffs and other migrant and/or seasonal farmworkers to perform agricultural work harvesting sweet potatoes.

9. At all times pertinent to this action, Defendant Barnes Farming authorized Defendant Work Force America to act as its agent.

10. Defendant Work Force America, Inc. (Defendant Work Force America) is a North Carolina corporation which, at all times pertinent to this action, operated from an office in Dunn in Harnett County, North Carolina.

11. Defendant Jeffrey Glenn Sasser ("Defendant Sasser") is the president of Work Force America, which is a closely held corporation. Defendant Sasser had managerial control over the day-to-day operations of the Work Force America. At all times pertinent to this cause, he was the chief corporate officer and principal of the corporation and responsible for all issues related to recruitment, employment, and wages. Defendant Sasser had authority to hire and fire employees of Work Force America and did, in fact, hire Plaintiffs. Upon information and belief, Defendant Sasser had a significant ownership interest in Work Force America.

12. Upon information and belief, Defendant Sasser is the alter ego of Work Force America and has failed to observe the corporate formalities and insufficiently capitalized the corporation. He has failed to file annual reports for the corporation

3

since 2011. He is therefore liable in his individual capacity for the violations of the FLSA and the AWPA.

13. At all times pertinent to this action, Defendant Work Force America and Defendant Sasser were engaged in the production of goods for interstate commerce and were farm labor contractors, as defined by the AWPA, 29 U.S.C. §1802(7), which recruited, solicited, hired, employed, furnished or transported migrant or seasonal agricultural workers for valuable consideration. Defendant Work Force America and Defendant Sasser employed migrant and/or seasonal farmworkers to perform agricultural work including harvesting sweet potatoes. At all times relevant to this complaint, Defendant Work Force America and Defendant Sasser employed or acted as employers towards the Plaintiffs as defined by the FLSA, 29 U.S.C. §203(g). At all times, Defendant Work Force America and Defendant Sasser acted as the agent of defendant Barnes Farming.

## FACTS

14. Upon information and belief, Defendant Barnes Farming made an agreement with Defendant Work Force America to furnish migrant agricultural workers to work on its farm in 2011 for valuable consideration.

15. Defendant Work Force America did not then and does not now possess a certificate of registration as a farm labor contractor from the United States Secretary of Labor.

16. Defendant Sasser did not then and does not now possess a certificate of registration as a farm labor contractor from the United States Secretary of Labor.

4

17. Upon information and belief, in 2011, Defendants Work Force America and Sasser and their agents broadly advertised farm work jobs for Defendant Barnes Farming's farm. One of the persons who learned of the farm work opportunities was Mr. Tippana Tith from Long Beach, California.

18. Defendants Work Force America and Sasser authorized Mr. Tith to act as their agent in the recruitment of migrant and/or seasonal agricultural workers for the 2011 harvest of sweet potatoes for Defendant Barnes Farming.

19. Tith and his associates, acting on actual or apparent authority from Defendants Work Force America and Sasser, informed unemployed persons in the Asian community in both California and North Carolina of the job opportunities with Defendants.

20. Relying upon Defendants' job opportunity, Plaintiff So came to North Carolina to work for Defendants and incurred debts to fly from California to North Carolina for the sole purpose of working for Defendants.

21. Relying upon Defendants' job opportunities, Plaintiff Khun incurred travel expenses of $44.00.

22. On or about October 25, 2011, the Plaintiffs and other workers (hereinafter "Tith crew"), went to Defendant Work Force America's office in Dunn, located in the Carolina Seafood and Barbecue restaurant. Defendant Sasser and Defendant Work Force America staff held a meeting and told the Plaintiffs and the other potential workers, among other things, that:

    a. they would be paid sixty cents ($.60) per bucket of sweet potatoes that they picked;

  b. they would be able to make between eighty dollars ($80.00) and two hundred dollars ($200.00) per day;

  c. after six weeks, they might be able to make four thousand dollars ($4,000.00) or more a month; and

  d. Defendant Work Force America would provide transportation between the camp and the field each day.

23. At the meeting on or about October 25, 2011, Defendant Work Force America staff acknowledged to Plaintiff So that they would reimburse him for the cost of his travel from California to North Carolina.

24. At this meeting, Defendants ratified Mr. Tith's selection of workers and hired the Plaintiffs and the other workers. The Plaintiffs and other workers completed the paperwork Defendants required for payroll. Defendants never provided the Plaintiffs with any written disclosure of the terms and conditions of employment as required by 29 U.S.C. §1821(a).

25. After they had completed the paperwork, Plaintiffs were sent by Defendants Sasser and Work Force America to an office of Defendant Barnes Farming where they received Barnes Farming employee badges.

26. Defendants directed Plaintiffs to a Nash County labor camp owned and operated by Defendant Barnes Farming. Latino workers were already present in the camp, and had sleeping quarters in a separate building from that assigned to the Plaintiffs and their crew. All workers shared the bathrooms, kitchen, and laundry facilities.

27. The sleeping rooms to which the Plaintiffs were assigned were not provided with any heat until the evening of October 27, 2011. Evening temperatures on October 25 and 26, 2011, when Plaintiffs lived in the camp, fell into the forties.

28. Under the North Carolina Migrant Housing Act, NC.G.S. § 95-225(e), all labor camp housing occupied after September 15 should be equipped with heating equipment capable of maintaining temperatures at sixty-five degrees Fahrenheit. When Defendants did provide space heaters to the Plaintiffs, those heaters were inadequate to heat the sleeping quarters to the required temperature.

29. Defendant Barnes Farming's labor camp also lacked basic privacy for Plaintiff Khun, the only woman in the camp. Male workers in the camp employed by Defendants used the bathroom which was marked for women in Spanish, violating her privacy.

30. Defendants never provided transportation to take Plaintiffs from the camp to the field. The two Tith crew members with vehicles had to ferry groups of workers from the camp to the field.

31. Defendants did not post a notice at the jobsite stating the workers' rights under the AWPA.

32. Plaintiffs worked picking sweet potatoes on land owned or operated by Defendant Barnes Farming, supervised by Defendants or their supervisors on October 26 and 27. The only non-compensable break taken by Plaintiffs each day was a half hour lunch break.

33. Daily payrolls were posted by Defendants in the kitchen area of the Barnes labor camp ("daily payrolls"). From these daily payrolls, Plaintiffs could see that Defendants underreported the actual total time they had worked.

34. Defendants automatically deducted one hour per day for a lunch break, although the actual time taken by Plaintiffs for lunch breaks was much less.

35. Defendants also deducted an additional hour each day from Plaintiffs' wages without explanation.

36. Defendants had knowledge of the actual hours worked by Plaintiffs.

37. Plaintiffs also realized they would not be able to earn what they were promised because they saw that Defendant Barnes Farming paid a piece rate of forty cents ($.40) a bucket for sweet potatoes, rather than the sixty cents ($.60) orally promised to them by Defendant Work Force America.

38. Some Plaintiffs became physically ill from the frigid sleeping quarters and all were extremely discouraged by the broken promises. After two days of work, the entire crew determined to leave the labor camp and the job the following day.

39. On October 28, 2011, Defendant Work Force America directed Mr. Tith to go to the office at Defendant Barnes Farming, where he received pay checks for the Plaintiffs and other crew members.

40. These checks however, only purported to compensate Plaintiffs for their first day of work.

41. Plaintiffs left for their homes upon receipt of their checks on October 28, 2011, travelling at their own expense.

8

42. The following week, with full knowledge that the Plaintiffs had left their employ, Defendants issued checks for work completed by Plaintiffs on October 27. These checks did not include compensation for all Plaintiffs' hours of work for this workweek.

43. Defendants never took any steps to see that these checks reached the Plaintiffs. Despite possession of Plaintiffs' mailing addresses, the checks remained at the office of Defendant Barnes Farming until long after they had expired and could no longer be cashed. To date, Defendants have not taken any steps to pay Plaintiffs for their work on October 27.

44. Defendants failed to pay Plaintiffs their full wages owed when due.

45. Defendants' failure to pay Plaintiffs for all compensable hours reduced Plaintiffs' wages below the required average minimum hourly wage for the workweeks they were employed by Defendants.

## FIRST CLAIM FOR RELIEF

This claim arises under the FLSA and is brought by all Plaintiffs against Defendants Barnes Farming and Work Force America.

46. Defendants failed to pay Plaintiffs the required average minimum hourly wage for every compensable hour of labor performed in a workweek, as required by 29 U.S.C. §206(a).

47. .As a result, Plaintiffs suffered injury.

## SECOND CLAIM FOR RELIEF

This claim arises under the AWPA and is brought by all Plaintiffs against Defendants Barnes Farming and Work Force America.

9

48. Defendants intentionally violated the rights of the Plaintiffs under the AWPA by:

   a) failing to provide to the Plaintiffs in writing at the time of recruitment the information required by 29 U.S.C. §1821(a);

   b) knowingly providing false or misleading information to Plaintiffs concerning the terms and conditions of agricultural employment in violation of 29 U.S.C. §1821(f);

   c) violating without justification the terms of their working arrangement with the Plaintiffs, in violation of 29 U.S.C. §1822(c); and

   d) failing to ensure that the housing provided to the Plaintiffs complied with the substantive Federal and State safety and health standards, in violation of 29 U.S.C. §1823(a);

   e) failing to make, keep, and preserve payroll records showing the information required by 29 U.C.C. §1821(d)(1); and

   f) failing to post at the jobsite stating the workers rights' under the AWPA, in violation of 29 U.S.C. §1821(b) ;

   g) failing to provide each Plaintiff with an itemized written statement for each pay period showing all of the information required by §1821(d)(1), in violation of 29 U.S.C. §1821(d)(2);

As a result, Plaintiffs suffered injury.

### THIRD CLAIM FOR RELIEF

This claim arises under the AWPA and is brought by all Plaintiffs against Defendant Work Force America and Defendant Sasser:

49. Defendants Work Force America and Sasser intentionally violated the rights of the Plaintiffs under the AWPA by engaging in farm labor contracting activities without possessing a certificate of registration in violation of 29 U.S.C. §1811 (a), 29 C.F.R. §500.40.

50. As a result, Plaintiffs suffered injury.

## FOURTH CLAIM FOR RELIEF

This claim arises under the AWPA and is brought by all Plaintiffs against Defendant Barnes Farming.

51. Defendant Barnes Farming intentionally violated the rights of the Plaintiffs under the AWPA by utilizing the services of Defendants Work Force America and/or Sasser to supply migrant or seasonal agricultural workers without first taking reasonable steps to determine that Defendants Work Force America and/or Sasser possessed a valid certificate of registration in full force and effect as required by 29 U.S.C. §1842, 29 C.F.R. §500. 71.

52. As a result, Plaintiffs suffered injury.

## DEMAND FOR JURY TRIAL

53. Plaintiffs demand a jury trial for all issues so triable and request an advisory jury on all other issues.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully pray that this Honorable Court grant them the following relief:

   a) Assume jurisdiction of this cause;

b) Declare that the Defendants have failed to pay the Plaintiffs the FLSA minimum wage;

c) Grant judgment against Defendants, jointly and severally, and award Plaintiffs damages of their unpaid minimum wage and an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

d) Declare that the Defendants have violated the Plaintiffs' rights under the AWPA, 29 U.S.C. §§1801, et seq. by failing to comply with provisions required by §§1821(a), §1821(d)(2), 1821(f), 1822(c), and 1823(a);

e) Declare that Defendants Work Force America and Sasser have violated the Plaintiffs' rights under the AWPA, 29 U.S.C. §§1801, et seq. by failing to comply with farm labor contractor licensing requirements under §1811;

f) Declare that Defendant Barnes Farming has violated the Plaintiffs' rights under the AWPA, 29 U.S.C. §§1801, et seq. by failing to ensure that its farm labor contractors had licenses which were in full force and effect under §1842;

g) Award each Plaintiff the greater of either actual or statutory damages of up to five hundred dollars ($500) for each violation of the AWPA; and

h) Award Plaintiffs their court costs and a reasonable attorneys' fee.

i) Award Plaintiffs such other relief as this Court deems just and proper.

This the 9th day of October, 2013.

Respectfully Submitted,

/S/
Lori J. Johnson
State Bar #24227
LoriE@legalaidnc.org

12

Case 5:13-cv-00708-F   Document 1   Filed 10/09/13   Page 12 of 13

And

/S/
Mary Lee Hall
State Bar #16347
MaryleeH@legalaidnc.org

Legal Aid of North Carolina
Farmworker Unit
P.O. Box 26626
Raleigh, NC 27611
Tel: (919) 856-2180
Fax: (919) 714-6587
Attorneys for Plaintiffs